**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUNJIE WENG,<br><br>                            Petitioner,<br><br>v.<br><br>JOHN RATHMAN, Warden of the<br>Imperial Regional Detention Facility, et<br>al.,<br><br>                            Respondents. | Case No.:  3:26-cv-01478-RBM-AHG<br><br>**ORDER GRANTING PETITION<br>FOR WRIT OF HABEAS CORPUS**<br><br>**[Docs. 1, 2]** |

Pending before the Court are Petitioner Dunjie Weng's Petition for Writ of Habeas Corpus ("Petition") (Doc. 1) and Motion for Temporary Restraining Order ("TRO Motion") (Doc. 2).  For the reasons below, the Petition is **GRANTED** and the TRO Motion is **DENIED as moot**.

## I.     BACKGROUND

Petitioner, a citizen of China, entered the United States on January 15, 2024.  (Doc. 1 ¶ 14.)  The Department of Homeland Security ("DHS") detained Petitioner upon his entry, but released him shortly thereafter under supervision pursuant to 8 C.F.R. § 212.5.[1]

---

[1]  A release under this regulation means "that Petitioner was granted parole pursuant to 8 U.S.C. § 1182(d)(5)(A).  Under section 1182(d)(5)(A), noncitizens may be temporarily released on parole for 'urgent humanitarian reasons or significant public benefit.'  Release

1

(*Id.* ¶¶ 14, 25; Doc. 1-2 at 1 [Affidavit of Petitioner in Support of Petition for Writ of Habeas Corpus ("Weng Decl.")] ¶ 3.) DHS released him without requiring a bond. (Doc. 1 ¶ 26; Weng Decl. ¶ 3.) Petitioner has lived in the United States since then, filing an asylum application, obtaining a work permit, and working as a cook in a restaurant. (Doc. 1 ¶ 14; Weng Decl. ¶ 5.) Since his release from DHS custody, Petitioner has complied with all instructions provided by immigration authorities. (*Id.* ¶ 26; Weng Decl. ¶ 4.) On November 1, 2025, Petitioner was re-detained during a check-in with Immigration and Customs Enforcement ("ICE") in New York. (Doc. 1 ¶ 28.)

On March 9 and 10, 2026, Petitioner filed the Petition and TRO Motion, respectively. (Docs. 1, 2.) The Court issued an Order to Show Cause and set a briefing schedule shortly thereafter. (Doc. 3.) On March 17, 2026, Respondents filed their Return to Habeas Petition and Notice of Non-Opposition ("Response"). (Doc. 4.) Petitioner filed his Reply to Respondents' Return and Opposition to Non-Opposition to Bond Hearing as Insufficient Relief ("Reply") on March 19, 2026. (Doc. 6.)

## II.    **LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

---

under this section requires a determination that the noncitizen poses neither 'a security risk nor a risk of absconding.'" *E.M.M.O. v. Wofford*, No. 1:26-cv-00585-DJC-CSK, 2026 WL 279894, at *2 (E.D. Cal. Feb. 3, 2026) (quoting § 212.5).

3:26-cv-01478-RBM-AHG

### III.   **DISCUSSION**

Petitioner claims that his detention violates the Fifth Amendment's Due Process Clause, and that he is entitled to immediate release under the test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976).  (Doc. 1 ¶¶ 31–74; Doc. 6 at 4–7.)  Respondents do not respond substantively to any of Petitioner's claims, indicating only that they "submit their Notice of Non-Opposition to a bond hearing for Petitioner in this matter, subject to supervision during his removal proceedings."  (Doc. 4 at 1.)

The Court has granted petitions filed by similarly-situated petitioners.  *See, e.g., Velasquez-Chinga v. Noem*, Case No.: 3:26-cv-00105-RBM-KSC, 2026 WL 311507, at *2–3 (S.D. Cal. Feb. 5, 2026).  In *Velasquez-Chinga*, the Court summarized the regulations governing parole and revocation of parole—8 C.F.R. § 212.5 and 8 U.S.C. § 1182(d)(5)(A)—and found that the lack of written notice and a pre-deprivation hearing before revoking the petitioner's parole violated due process.  *Id.* at *3 (citations omitted).  The Court incorporates its reasoning from *Velasquez-Chinga* and finds that, here too, "because Respondents detained Petitioner by revoking [his] parole in violation of the Due Process Clause, [his] detention is unlawful."  *Salazar v. Casey*, Case No.: 25-CV-2784 JLS (VET), 2025 WL 3063629, at *5 (S.D. Cal. Nov. 3, 2025); *accord Araujo v. LaRose*, No. 25cv2942-BTM-MMP, 2025 WL 3278016, at *2 (S.D. Cal. Nov. 24, 2025) (granting petition and ordering immediate release because "[t]he revocation of [the petitioner's] parole is thus neither consistent with 8 U.S.C.  1182(d)(5)(A) nor the demands of due process").

The Court also finds that immediate release, rather than a further bond hearing, is the appropriate remedy.  *Accord Velasquez-Chinga*, 2026 WL 311507, at *3; *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. Aug. 19, 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.")  The Petition is therefore **GRANTED**.

3:26-cv-01478-RBM-AHG

## IV.   CONCLUSION[2]

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**.  Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of his preexisting parole.

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight.[3]

3. The TRO Motion (Doc. 2) is **DENIED as moot**.

**IT IS SO ORDERED**.

DATE:  March 25, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[2]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

[3]  This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1044 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).

3:26-cv-01478-RBM-AHG